UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                   )
AUGUSTYNIAK INSURANCE GROUP,       )
INC.; and MICHAEL AUGUSTYNIAK,     )
                                   )
         Plaintiffs,               )
                                   )
     v.                            )   C.A. No. 11-464 S
                                   )
ASTONISH RESULTS, L.P.; NOREAST    )
CAPITAL CORPORATION; and AXIS      )
CAPITAL, INC.,                     )
                                   )
         Defendants.               )
                                   )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

This matter comes before the Court on the motions of Defendants Noreast Capital Corporation ("Noreast") and Axis Capital, Inc. ("Axis") to dismiss the Complaint for failure to state a claim upon which relief can be granted, improper venue, and lack of personal jurisdiction.

The core issue here is whether the so-called "floating" forum selection clause contained in the lease agreement between Defendant Noreast and Plaintiffs Augustyniak Insurance Group Inc. and Michael Augustyniak (collectively "Plaintiffs" or "Augustyniak"), which effectively requires that all of Plaintiffs' claims against Noreast and Axis be litigated in Nebraska, should be enforced. For the reasons set forth below,

the Court finds that the clause is enforceable, and that Noreast's and Axis's motions to dismiss should be granted.

I. Background

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may "consider only facts and documents that are part of or incorporated into the complaint . . . ." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). In a nutshell, the facts as alleged by Plaintiffs in the Complaint, are as follows: Plaintiffs, both Florida citizens, brought suit in this Court against Defendants Astonish Results, L.P. ("Astonish Results"),[1] a Rhode Island company; Noreast, a Maryland corporation; and Axis, a Nebraska corporation. There are three agreements at play in the Complaint: (1) an agreement between Plaintiffs and Defendant Astonish Results for website development and marketing (the "Marketing Agreement");[2] (2) an agreement between Defendant Noreast and Plaintiffs for the lease of certain equipment (the "Lease"); and (3) an agreement between

---

[1] It appears that Astonish Results, L.P. was converted into Astonish Results, LLC on September 22, 2011.

[2] The parties dispute whether Plaintiffs ever executed the Marketing Agreement, but that issue need not be resolved here to determine whether the forum selection clause in the Lease should be enforced.

Noreast and Axis that assigns Noreast's rights under the Lease to Axis (the "Assignment Agreement").[3]

The Lease contains what is commonly referred to as a floating forum selection clause; the clause states that any claim relating to the Lease "will be adjudicated exclusively in any State or Federal court located in Maryland (or the state of Lessor's Assignee, if different)."  (Ex. 3 to Compl. 2, ECF No. 1-3.)  The Lease also states that the lessor may at any time, without notice to Plaintiffs, assign its rights in the Lease to another party.  The Lease was executed by Plaintiffs on May 26, 2010 and was later assigned to Axis.  In these motions, Defendants Noreast and Axis seek to enforce the forum selection clause and dismissal of all claims against them.[4]

II. Discussion

Forum selection clauses are considered prima facie valid, and a party seeking to invalidate one must meet a "heavy burden of proof" to "clearly show that enforcement would be

---

[3] The Assignment Agreement is not incorporated into the Complaint; the document was, however, attached to Defendants' motions to dismiss.  All that is necessary for purposes of this motion is that Plaintiffs do allege that Noreast assigned the Lease to Axis in the Complaint.  The Court does not rely on the substance of the Assignment Agreement in evaluating the enforceability of the forum selection clause in the Lease.

[4] A motion to dismiss based on the enforceability of a forum selection clause is treated as a 12(b)(6) motion to dismiss for failure to state a claim. Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).

unreasonable and unjust." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 15, 17 (1972).[5] Forum selection clauses enjoy a strong presumption of validity because these clauses, like any other contract term, are bargained for and freely entered into; and contract terms are enforced absent fraud, mistake, or some other infirmity. See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc., 437 F.3d 606, 610 (7th Cir. 2006). Some years back, Judge Selya, when he was just a judicial babe in the woods in this Court, analyzed the enforceability of forum selection clauses. See D'Antuono v. CCH Computax Sys., Inc., 570 F. Supp. 708, 712 (D.R.I. 1983) (Selya, J.). His decision, which presaged his suitability for the Court of Appeals, set forth a nine factor test for a court to apply in determining the reasonableness of such clauses:

> 1. The identity of the law which governs the construction of the contract.
> 2. The place of execution of the contract(s).
> 3. The place where the transactions have been or are to be performed.
> 4. The availability of remedies in the designated forum.

---

[5] The parties do not argue that the application of state law would yield a different outcome. Moreover, Rhode Island courts apply federal law when evaluating the validity of forum selection clauses, so the Court applies federal law here. See Rivera, 575 F.3d at 16-17 (applying federal law where there was no conflict with Puerto Rico law on the subject); see also Sidell v. Sidell, 18 A.3d 499, 508 (R.I. 2011) (noting that, to be enforceable, forum selection clauses must be fundamentally fair); Tateosian v. Celebrity Cruise Servs., Ltd., 768 A.2d 1248, 1250 (R.I. 2001) (applying federal law to the enforcement of a forum selection clause).

4

> 5. The public policy of the initial forum state (here, Rhode Island), a consideration perhaps uniquely applicable where, as here, federal jurisdiction is bottomed on diversity of citizenship.
> 6. The location of the parties, the convenience of prospective witnesses, and the accessibility of evidence.
> 7. The relative bargaining power of the parties and the circumstances surrounding their dealings.
> 8. The presence or absence of fraud, undue influence or other extenuating (or exacerbating) circumstances.
> 9. The conduct of the parties.

Id. (internal citations omitted).

Applying these factors here, Plaintiffs have plainly failed to demonstrate that enforcement of the forum selection clause would be unreasonable and unjust. First, the Lease states that the law of Maryland or the state of the assignee governs, so Plaintiffs should have expected that any litigation concerning the Lease would likely be conducted somewhere other than Rhode Island or their home state of Florida. The Lease was not executed in Rhode Island, nor was the Assignment Agreement. No part of the Lease is alleged to have been performed in Rhode Island; Augustyniak made payments on the Lease to Noreast, but none of those payments originated in Rhode Island or was sent to Rhode Island. Plaintiffs do not argue that lawful remedies are unavailable in Nebraska, and indeed this Court is quite confident that the federal judges there are as competent and hardworking as here. Plaintiffs protest that the public policy of Rhode Island is at issue here, but there is no real substance

5

to this plaint, and they offer no reason why Rhode Island's interests (if they exist at all) would not be fully protected by litigating the underlying claims against Astonish in Rhode Island.  So, taken together, applying the first five factors shows that the state designated by the forum selection clause, Nebraska, is one of several states that could serve as a reasonable forum for litigating this matter.

Turning then to the other factors, in consenting to the forum selection clause, Plaintiffs have "in effect subordinated their convenience to the bargain."  Pascalides v. Irwin Yacht Sales N., Inc., 118 F.R.D. 298, 303 (D.R.I. 1988).  And so, "Plaintiff[s] cannot be heard to complain about inconveniences resulting from an agreement [they] freely entered into."  D'Antuono, 570 F. Supp. at 713.  Inconvenience alone, be it to the parties or witnesses, does not amount to unreasonableness.

Moreover, the parties here are sophisticated businesses; Plaintiffs do not allege that they were unable to bargain for the terms of the Lease or that Noreast concealed or misrepresented the forum selection clause.  Nor do they allege that they agreed to the forum selection clause because of fraud, coercion, or undue influence.  Simply put, Plaintiffs have not shown why the forum selection clause is fundamentally unfair to them as opposed to inconvenient.

6

Plaintiffs grasp for support with a trio of cases holding floating forum selection clauses unenforceable, but this spirited try falls short. Two of these cases, Preferred Capital, Inc. v. Sarasota Kennel Club, Inc., 489 F.3d 303 (6th Cir. 2007), and Preferred Capital, Inc. v. Power Eng'g Group, Inc., 860 N.E.2d 741 (Ohio 2007), held identical forum selection clauses unenforceable where the party who assigned the lease had an undisclosed intent to assign the lease immediately, and did so. Power Eng'g, 860 N.E.2d at 746; see also Sarasota Kennel Club, 489 F.3d at 308 (applying Ohio law and holding unenforceable the same clause at issue in Power Engineering). In these cases, the key was the party's undisclosed intent to assign the lease. See Power Eng'g, 860 N.E.2d at 746. In reaching this holding, the Supreme Court of Ohio noted that floating forum selection clauses are valid absent a finding of fraud or overreaching or a finding that enforcement would be unreasonable and unjust. Id. This reasoning is clearly consistent with the Supreme Court's rationale in M/S Bremen. See 407 U.S. at 15. Plaintiffs here do not allege that Noreast had any undisclosed intent to assign the Lease, nor do they allege that Noreast immediately assigned the Lease to Axis.

The third case that Plaintiffs rely upon, AT&T Capital Leasing Servs., Inc. v. CJP, Inc., No. 97-1804, 1997 Mass. Super. LEXIS 181 (Mass. Super. Ct. Sept. 9, 1997), also offers

7

them no succor.  There the court held a floating forum selection clause unenforceable because it was contained in a take-it-or-leave-it contract; the party against whom the clause was enforced was a small, unsophisticated business; and the party had no way of predicting whether the contract would be assigned. Id. at *8-10.  Plaintiffs here make no claim that they are unsophisticated parties who were presented with a take-it-or-leave-it contract, so AT&T Capital is inapposite.

A party seeking invalidation of a forum selection clause bears the heavy burden of showing that the clause is unreasonable and unjust.  When stripped to its essence, Plaintiffs' argument is that enforcing the clause would be inconvenient because they might be required to litigate two similar actions in different states.  While this might indeed be somewhat inconvenient, it is not unreasonable or unjust. Accordingly, the Court holds the forum selection clause enforceable.[6]

---

[6] Because the Court concludes that the forum selection clause is enforceable, and grants Defendants' motions to dismiss, the Court does not reach the merits of Defendants' other arguments.

8

III. Conclusion

   For the reasons stated above, the Court GRANTS Defendant Noreast's and Defendant Axis' motions to dismiss under Rule 12(b)(6).

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  April 2, 2012